IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LEON EGGLESTON,

        Plaintiff,

vs.                                      CIVIL NO.  03-238 LFG/RLP

INTERLINK COMMUNICATIONS
PARTNERS, LLC,
dba Charter Communications,
aka Charter Communications, Inc.,
aka Charter Communications VI, LLC.,

        Defendant.


## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand [Doc. 4].  The motion is opposed [Doc. 6].  Oral argument is not necessary.

Plaintiff filed suit in State district court on March 8, 2002.  In his complaint, he alleged that he was subjected to a sexually hostile work environment by other employees, and that because he complained to his supervisors of sexual harassment, he was terminated.

The complaint indicates that he was terminated on May 11, 2001, and at the time of his discharge, he was earning $36,000.  In his complaint, Plaintiff sought back and front pay, lost benefits, as well as damages for loss of enjoyment of life, and pain and suffering.  He also sought an award of punitive damages and attorney fees.

Pursuant to 28 U.S.C. § 1446(b), Defendant was entitled to remove the case within thirty days after receipt of the complaint.  However, Defendant did not remove the case to federal court within

that time, contending that there was no specific amount of money sought in the complaint and what was stated did not establish the minimum jurisdictional amount of $75,000. Relying on Laughlin v. K-Mart Corp., 50 F.3d 871 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995),Defendant argues there is a presumption against removal jurisdiction and that based on a fair reading of the complaint it received, it was unable to establish the requirements for diversity, Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001), as the amount in controversy was not affirmatively established on the face of the complaint.

In Sena v. Correctional Medical Services, Inc., CIV 00-1809 JP (D.N.M. Oct. 22, 2001), Chief Judge Parker determined whether the $75,000 threshold requirement was exceeded in a case remarkably similar to the present case. In Sena, the Plaintiff sought lost wages, employment benefits, punitive damages, emotional distress damages and costs, but did "not allege that Plaintiff is seeking a specific amount of monetary damages." The case was remanded for failure to meet the minimum jurisdictional amount of $75,000. Id. Noting the Circuit's strict requirements under Laughlin, Judge Parker concluded that the complaint on its face failed to show the jurisdictional threshold requirement of $75,000 or more.

In the present case, had Defendant removed within the thirty-day period based on the allegations of the complaint, it would well have faced a motion to remand, and under the authority of Sena v. Correctional Medical Services, Inc., would have had a difficult time justifying the removal. Instead, Defendant engaged in discovery on the damages and, in an answer to Interrogatory No. 12, Plaintiff explicitly stated that he was seeking $252,000 in "lost income from Charter for seven years (retirement)," as well as "approximately $22,000 in Charter 401k that I had to withdraw to help meet our financial obligations." Plaintiff was also asked whether he was seeking more than $75,000,

2

exclusive of interest and costs, but including attorney fees, and he responded in the affirmative. Based on these specific responses contained in court pleadings, Defendant removed within thirty days of receipt of those responses.

The removal statute, 28 U.S.C. § 1446(b) allows removal within thirty days of receipt of amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable. Here, it is clear that upon receipt of Plaintiff's responses, there was no doubt that the Plaintiff was seeking damages in excess of $75,000. Prior to receiving those responses, Defendant was required to speculate whether Plaintiff's complaint sought more than the jurisdictional amount.

The Court concludes that receipt of Plaintiff's responses to interrogatories alerted Defendant that the amount in controversy exceed $75,000. Accordingly, the Court determines that Defendant's removal was both appropriate and timely.

IT IS ORDERED that Plaintiff's Motion to Remand is denied.

                                                                  _____
                                                                  Lorenzo F. Garcia
                                                                  Chief United States Magistrate Judge